# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Antonia Koutrakos, ) | Civil Action No. 8:13-cv-00883-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration[1], ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Antonia Koutrakos ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 13.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Id. at 44.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 16.) For the reasons set forth below, the court **ACCEPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the Commissioner's final decision.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (See ECF No. 13 at 17–28.) The court concludes,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on July 14, 1957 and is presently fifty-seven (57) years old. (ECF No. 7-5 at 2.) She filed an application for DIB on January 7, 2010, alleging disability since September 11, 2008[2], due to sclerosis, sleep apnea, osteoarthritis, ulcer, obesity, and eating disorder. (Id. at 2; see also ECF Nos. 7-4 at 12, 50.) Plaintiff's application was denied initially on April 23, 2010, and upon reconsideration on August 20, 2010. (ECF No. 7-4 at 2, 4, 10.) Plaintiff then requested an administrative hearing on October 6, 2010. (Id. at 13.) On November 23, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on January 12, 2012, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because she was capable of "making a successful adjustment to other work that existed in significant numbers in the national economy." (ECF No. 7-2 at 23–24.) Thereafter, the Appeals Council denied Plaintiff's request for review on February 4, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on April 3, 2013, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) On July 7, 2014, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed. (ECF No. 13.) Plaintiff filed timely objections to the Magistrate Judge's recommendation on July 23, 2014. (ECF No. 16.) The Commissioner filed a response to Plaintiff's objections on August 8,

---

[2] The period at issue is September 11, 2008, through December 31, 2009. (See ECF No. 7-2 at 15.)

2014. (ECF No. 17.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     The Court's Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.

1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  Vitek, 438 F.2d at 1157–58.

C.     The Magistrate Judge's Report and Recommendation

In the thoroughly prepared Report and Recommendation, the Magistrate Judge, after providing an exhaustive review of Plaintiff's medical history, found that substantial evidence supported the ALJ's weighing of the medical evidence.  (ECF No. 13 at 34.)  Specifically, the Magistrate Judge observed that the medical evidence from Plaintiff's treating physicians, Dr. Jose Chavez[3] and Dr. Kaushal Sinha[4], was dated after the date last insured ("DLI") of December

---

[3] Plaintiff began seeing Dr. Chavez on or about June 9, 2005, with complaints of frequent atrial ectopy, hypothyroidism, obesity, chronic back problems, and allergies.  (ECF No. 13 at 18 (referencing ECF No. 7-7 at 95).)  On September 5, 2011, Dr. Chavez completed a document titled "Medical Opinion re: Ability To Do Work Related Activities (Physical)" to provide his opinion of Plaintiff's ability to work on a day-to-day basis in a regular work setting.  (Id. at 27 (referencing ECF No. 7-10 at 48–50).)  Dr. Chavez opined Plaintiff was able to lift/carry a maximum of 10 pounds on an occasional and frequent basis; stand/walk and sit for less than 2 hours in a 8-hour day; must alternate sit/stand/walk position every 20 minutes; change position after standing 20 minutes; walk around every 15 minutes; twist and stoop occasionally; and never crouch, climb stairs or climb ladders.  (Id. (referencing ECF No. 7-10 at 48–49).)  Dr. Chavez also opined that Plaintiff will need to lie down at work every 3 hours due to her morbid obesity, osteoarthritis of the knees and lumbosacral spine, sleep apnea, hypersholesteral, borderline diabetes, chronic allergies, and hypothyroid.  (Id. (referencing ECF No. 7-10 at 48–49).)  Additionally, Dr. Chavez noted that Plaintiff's ability to reach overhead and push/pull are affected by her impairment and that she should avoid all exposure to extreme cold and heat; even moderate exposure to wetness and humidity; and concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards (machinery, heights, etc.).  (Id. at 27–28 (referencing ECF No. 7-10 at 49–50).)
[4] Plaintiff visited Dr. Sinha at Sinha Orthopedics on January 2, 2007, after having twisted her ankle.  (ECF No. 13 at 19 (referencing ECF No. 7-10 at 38).)  Plaintiff saw Dr. Sinha again on August 10, 2010, complaining of pain in her right heel and left knee, as well as worsening pain

31, 2009 and the record did not support relating the treating physician medical evidence back to the time period relevant to Plaintiff's disability determination. (Id. at 32–33 (citing, e.g., Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 341 (4th Cir. 2012)[5]).) "Thus, due to the lack of evidence linking Plaintiff's pre-DLI condition and the post-DLI opinions, the ALJ was not required to consider the post-DLI evidence and the Court finds no error in the ALJ's failure to do the same." (Id. at 33.)

The Magistrate Judge also found that the ALJ appropriately "concluded that 'the objective medical evidence for the period under consideration does not support the severity alleged by the claimant.'" (Id. at 36 (citing ECF No. 7-2 at 20).) In support of this finding, the Magistrate Judge observed that "Plaintiff fails to explain which limitation(s) was overlooked or disregarded due to these alleged errors [and b]ecause Plaintiff's argument appears to be directed to Plaintiff's orthopedic limitations, the Court notes that the ALJ reasonably explained his reasoning for finding Plaintiff limited to light work based on her alleged orthopedic limitations." (Id. at 39 (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (holding the ALJ's adoption of physicians' conclusions, when the physicians were aware of the claimant's "obvious obesity," constituted satisfactory consideration of the claimant's obesity and declining to remand the case because explicitly considering the claimant's obesity would not affect the outcome of the case)).) The Magistrate Judge further observed that in this instance, the ALJ relied on the

---

in her back. (Id. at 24 (referencing ECF No. 7-10 at 43).) Dr. Sinha diagnosed Plaintiff with right heel plantar fasciitis and degenerative arthritis in both knees with chondromalacia of patella and medial collateral bursitis; Dr. Sinha treated Plaintiff with an injection to both knees which resulted in her being able to move and walk better. (Id. (referencing ECF No. 7-10 at 43).)

[5] In Bird v. Commissioner of Social Security Administration, the Fourth Circuit addressed whether evidence created after a claimant's date last insured could be considered to prove disability arising before the date last insured. The Court held that medical evidence produced after the date last insured is generally admissible and relevant if such evidence "permits an inference of linkage with the claimant's pre[date last insured] condition." Bird, 699 F.3d at 341.

opinions of state agency examiners who "noted that Plaintiff's activities of daily living were restricted and still found her capable of performing light work, even in light of her obesity." (Id. (referencing ECF No. 7-7 at 113).)

Finally, the Magistrate Judge made the following specific findings in concluding that substantial evidence supported the ALJ's assessment of Plaintiff's residual functional capacity from the alleged onset date through the DLI:

> Upon review, the Court finds that the ALJ clearly considered the evidence of record and determined that "[t]he weight of the evidence convincingly showed deterioration after the date the claimant's disability insurance coverage expired, and the deterioration cannot be reasonably related back to the period under consideration." [R. 21.] Plaintiff provided no medical opinion or reasonable basis on which the Court could determine that the medical evidence produced after Plaintiff's DLI related back to the relevant time period; thus, no further fact finding by the ALJ was necessary. See, e.g., Manning v. Colvin, C/A No. 8:12-1478-DCN-JDA, 2014 WL 1315228, at *19 n.8 (D.S.C. March 30, 2014)(records dated a minimum of eight months after Plaintiff's DLI and the physician opinion letter dated 28 months after the DLI, with no specific statement that the opinion relates back to the relevant time period, is a sufficient basis to conclude no further fact finding is necessary).
>
> The Court finds the ALJ considered all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements during the relevant time period. The ALJ's decision is also sufficiently explained so as to allow the Court to track the ALJ's reasoning and be assured that all record evidence was considered and understand how the ALJ resolved conflicts in the evidence. See McElveen v. Colvin, C/A No. 8:12-1340-TLW-JDA, 2013 WL 4522899, at *11 (D.S.C. Aug. 26, 2013). Additionally, the Court finds the ALJ properly declined to consider Dr. Chavez's opinion letter regarding Plaintiff's limitations, dated almost 20 months after Plaintiff's DLI, as it contained no specific statement that the opinion related back to the relevant time period.

(Id. at 43–44.)

Based on the foregoing, the Magistrate Judge recommended that this court affirm the Commissioner's decision. (Id. at 44.)

D.     Plaintiff's Objections and the Commissioner's Response

Plaintiff contends that her objections support remanding the case for further

administrative proceedings. (ECF No. 16 at 12.) Objections to the Report and Recommendation must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the finding in the Report and Recommendation that the diagnoses of her limitations occurred after the DLI because "the evidence shows that Dr. Chavez treated . . . [her] for those diagnosed impairments during the relevant time period." (ECF No. 16 at 2 (referencing ECF No. 13 at 33 ("In this case, neither the Plaintiff nor the medical experts have opined or explained how the medical evidence from Dr. Sinha or Dr. Chavez's opinion, both dated after the DLI, relates back to the time period relevant to Plaintiff's disability determination.")).) However, even if the evidence occurred after the DLI, Plaintiff argues that the ALJ is supposed to consider the post-DLI evidence if the "evidence permits an inference of linkage with the claimant's pre-DLI condition" and the failure to do so constitutes "an error of law." (Id. at 9 (citing Bird).) Accordingly, Plaintiff requests that the court remand the matter "so that a medical expert could determine if the test results that support . . . [her] claims of disability were of such a nature as to be equally severe prior to the DLI." (Id. at 2, 11 (Stating that "the ALJ and the Magistrate Judge have required more of Dr. Chavez's opinion than is required by Bird and her case should be remanded for a proper consideration of the limitations that were attributed to impairments that were linked to treatment prior to the DLI").)

Plaintiff's second objection is to a conclusion in the Report and Recommendation that she failed to support her assertion that the ALJ erred by overlooking, disregarding, and/or not

7

finding credible her reasons for being unable to work. (Id. at 3.) Specifically, Plaintiff objects to the Magistrate Judge's support of the ALJ's credibility decision to not give appropriate weight to Plaintiff's subjective description of her limitations because she was not specifically restricted by her treating orthopedist. (Id. at 4–5 (citing ECF No. 13 at 39 ("[T]he Court notes that the ALJ reasonably explained his reasoning for finding Plaintiff limited to light work based on her alleged orthopedic limitations. The ALJ specifically noted that Dr. Sihna, Plaintiff's treating orthopedist, did not restrict the Plaintiff's activities during the relevant time period even in light of her obesity.")).) However, according to Plaintiff, "the objective evidence in the file prior to the DLI well supports her allegations, and in fact does not substantially support the ALJ's finding that she was not credible based entirely on his citation to a lack of objective evidence." (Id. at 6.) Plaintiff further asserts that the Magistrate Judge erred in supporting the ALJ because he was required to, but failed to, "consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." (Id. (citing 20 C.F.R. §§ 416.929(c)(1) & (2)).) As a result, the ALJ's credibility determination is unsustainable because he "made no reasonable attempt to assess . . . [Plaintiff's] credibility, nor did the ALJ even make an attempt to ascertain what her allegations were for the relevant period per his own admission." (Id. at 8.)

In response to Plaintiff's objections, the Commissioner asserts that Plaintiff's objections consist of arguments previously made in her brief and requests that the court affirm the administrative decision because it is supported by substantial evidence. (ECF No. 17 at 1.)

E.     The Court's Review

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation. After de novo review of Plaintiff's objections, the court finds that the

Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence as it relates to Plaintiff's objections.  As a result, the court overrules Plaintiff's objections to the Magistrate Judge's findings that (1) the ALJ appropriately determined that the record did not support relating Plaintiff's treating physician medical evidence back to the time period relevant to her disability determination; and (2) sufficient weight was given by the ALJ to Plaintiff's subjective description of her limitations.  In this regard, substantial evidence supports the Commissioner's conclusion that Plaintiff was not disabled because she was capable of performing other work available in the national economy.  Therefore, the court overrules Plaintiff's objections to the Magistrate Judge's Report and Recommendation because they are without merit.

### III.     CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 26, 2014
Columbia, South Carolina